IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN (DETROIT) DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Crim. no. 2:17-cr-20631-002 |
| | ) | |
| Plaintiff, | ) | Hon. Stephen J. Murphy, III |
| | ) | |
| v. | ) | |
| | ) | |
| SAMMY BAEZ, | ) | |
| | ) | |
| Defendant. | ) | |

**SECOND MOTION FOR COMPASSIONATE RELEASE
DUE TO DANGER FROM THE CORONAVIRUS**
_____

COMES NOW the Defendant herein, SAMMY BAEZ, by and through the undersigned counsel, and hereby moves this Honorable Court to issue an order granting the Motion for Compassionate Release pursuant to 18 U.S.C. §3582(c) due to the substantial risk to himself and the community from the current COVID-19 pandemic. In support of the motion, Mr. Baez states the following.

On June 4, 2020, Mr. Baez, through counsel, filed a motion for Compassionate release due to the coronavirus. On June 19, 2020, the State filed a Motion in opposition to Mr. Baez's compassionate release motion. On July 2, 2020, the Court rendered its decision denying Mr. Baez's Motion for Compassionate Release with out prejudice. Specifically, the Court stated

> The compassionate relief provision of the First Step Act permits the Court to modify Defendant's sentence only if: (1) he exhausted all administrative remedies, or (2) he requested that the Bureau of Prisons ("BOP") bring a motion on his behalf and 30 days lapsed after his request. 18 U.S.C. § 3582(c)(1)(A). Here, Defendant admitted that he did not "exhaust[] his administrative rights within the [BOP] regarding compassionate release." ECF 106, PgID 376. In fact, there is no evidence that he filed any request for compassionate release with the BOP; rather, the present motion "is

1

Case 2:17-cr-20631-SJM-APP ECF No. 109 filed 07/02/20 PageID.399 Page 1 of 2

the first time he has requested compassionate release in any forum." ECF 108, PgID 391. The Court therefore cannot grant Defendant's motion because the exhaustion requirement is a "mandatory condition," and Defendant must "'fully exhaust[] all administrative rights to appeal' with the prison or wait 30 days after his first request to the prison." United States v. Alam, 960 F.3d 831, 833–34 (6th Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)) (alteration in original). The Court will therefore deny Defendant's motion because he did not fully exhaust his administrative remedies or wait 30 days after filing a request for release with the BOP before filing the present motion. Defendant may re-file his request once he has exhausted his claim."

Pursuant to 18 U.S.C. §3582(c)(1)(A)(I),

> The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) [18 USCS §3553(a)] to the extent that they are applicable, if it finds that—
>
> (I) extraordinary and compelling reasons warrant such a reduction.

Id.

2

Mr. Baez has exhausted his administrative rights within the Bureau of Prisons regarding compassionate release. The BOP denied his release.

Mr. Baez submits that extraordinary and compelling reasons justify his release in this matter. Specifically, the heightened risk to Mr. Baez due to the coronavirus pandemic justifies his request for compassionate release. Mr. Baez submits that he is at risk of contracting COVID-19, also known as coronavirus, should he remain incarcerated in this matter, which could result in a debilitating illness. Complications from coronavirus include pneumonia in both lungs, organ failure in several organs, and death.[1] As this Court is no doubt aware, coronavirus has been labeled a pandemic by the World Health Organization.[2] Mr. Baez submits that the health risk to himself and the community is incredibly heightened in this pandemic given the conditions in the federal jails, where it is impossible to practice safe social distancing and proper hygiene. This state of affairs necessitates compassionate release. A copy of Mr. Baez's medical records are attached. Exhibit "A"

It is important to note, state courts are releasing non-violent criminal inmates, and the federal government has followed suit.[3] As of April 22, 2020, there are 540 federal inmates and 323 BOP staff who have confirmed positive test results for COVID-19 nationwide.[4] The

---

[1] https://www.mayoclinic.org/diseases-conditions/coronavirus/symptoms-causes/syc-20479963.

[2] https://www.theguardian.com/world/2020/mar/11/who-declares-coronavirus-pandemic

[3] https://www.wdrb.com/news/crime-reports/us-starts-to-release-inmates-due-to-coronavirus-outbreak/article_114cb9ac-6ab3-11ea-a928-f3cffe6f1fec.html;
https://www.yahoo.com/lifestyle/jail-inmates-fearful-virus-argue-043711286.html;
https://www.politico.com/news/2020/04/11/federal-prison-release-criteria-coronavirus-179835

[4] https://www.bop.gov/coronavirus/

Attorney General has issued a memo to the Director of the Bureau of Prison to release those inmates at increased risk from contracting the coronavirus and suffering from underlying health issues that could endanger the defendant.[5] Accordingly, in order to be protected from this health menace, Mr. Baez requests that he be granted compassionate release.

Mr. Baez submits that his offenses of conviction in this matter were for: conspiracy to possession with intent to distribute more than five kilograms of cocaine in violation of 21 U.S.C. §841(a0(1), (b)(1)(A)(ii), and §846; possession with intent to distribute more than five kilograms of cocaine in violation of 21U.S.C. §§841(a)(1) and (b)(1)(A)(ii) and 18 U.S.C. §2; and conspiracy to launder monetary instruments in violation of 18 U.S.C. §1956(a)(1)(A)(I) and (h). The offenses did not involve any violence. Mr. Baez admitted his guilt in the offenses at issue, as exhibited by his guilty plea absent a plea agreement. A total sentence of 96 months incarceration was issued on November 5, 2019. Since being incarcerated, Mr. Baez has worked at his rehabilitation so that he does not become engaged in criminal activity upon release in this matter. While Mr. Baez acknowledges that his offenses were serious and that a sentence was necessary, the sentence issued was for 96 months, not a death sentence, as could occur should he not be released in this matter.

The Government will argue that the Bureau of Prisons (BOP) has mitigated the risk from Covid-19 within its facilities and the BOP has enacted pandemic protocols. It is important to note that the pandemic protocols have been repeatedly revised, indicating that the pandemic protocols are not effective in limiting the spread of COVID-19. Moreover, the pandemic

---

[5] https://www.scribd.com/document/453777104/COVID-19-BOP-Memo-Re-Home-Confinement-2020-03-26

protocols have yet to stymie the progress of the coronavirus. Over 6,000 federal inmates have contracted the disease as of June 24, 2020.[6] As such, any "plan" from the BOP has been ineffective and ineffectual in stopping the progress of coronavirus within the federal prison system.

      **WHEREFORE**, in consideration of the foregoing, Mr. Baez respectfully prays that this Court issue an Order granting his release on bond.

      Respectfully submitted,

      /s/ Karen Oakley

      _____
      Karen Oakley, Esq
      THE LAW OFFICE OF KAREN OAKLEY, LLC
      P.O. Box 541111
      Cincinnati, Ohio 45254
      (513) 436-1618
      Koakleylaw@gmail.com

---

[6] https://www.bop.gov/coronavirus/

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing Motion with the United States District Court for the Eastern District of Michigan by using the CM/ECF system. I certify that the following attorney for the opposing party, the United States, is registered an ECF Filer and will be served by the CM/ECF system: William J. Sauget, william.sauget@usdoj.gov.

/s/ Karen Oakley
_____
Karen Oakley, Esq
THE LAW OFFICE OF KAREN OAKLEY, LLC
P.O. Box 541111
Cincinnati, Ohio 45254
(513) 436-1618
Koakleylaw@gmail.com