UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

Case No. 2:17-cr-20631-2

HONORABLE STEPHEN J. MURPHY, III

v.

SAMMY BAEZ,

        Defendant.
_____/

# OPINION AND ORDER DENYING DEFENDANT'S SECOND MOTION FOR COMPASSIONATE RELEASE DUE TO DANGER FROM THE CORONAVIRUS [110]

Defendant Sammy Baez recently filed a second motion for reduction in sentence under the First Step Act's compassionate release provision, 18 U.S.C. § 3582(c)(1)(A). ECF 110. But, just as in his first motion, Defendant has not met the administrative exhaustion requirement that is necessary to be eligible for compassionate release. The Court will therefore deny the motion.[1]

The compassionate relief provision of the First Step Act permits the Court to modify Defendant's sentence only if: (1) he exhausts all administrative remedies, or (2) he requests that the Bureau of Prisons ("BOP") bring a motion on his behalf and 30 days lapsed after his request. 18 U.S.C. § 3582(c)(1)(A). Here, Defendant asked to be released because of the COVID-19 pandemic and the potential harm he faces while

---

[1] Defendant attached medical records to the motion that appear to be written in the Spanish language. ECF 110-1. Should Defendant make other filings, the Court will only consider records written in a foreign language that have been translated to English.

1

incarcerated. ECF 110. And although Defendant did submit an administrative request for release to the BOP, ECF 112-3, he did not request release due to the COVID-19 pandemic. *Id*. Instead, he asked his warden to release him to help care for his mother and daughter. *Id*. at 438. And when "the factual basis in the administrative request and the motion before the [C]ourt are different, a defendant does not satisfy the exhaustion requirement because he does not give the BOP an opportunity to act on the request before Defendant brings his request to the Courts." *United States v. Junior Asmar*, No. 18-cr-20668, ECF 70, PgID 966–67 (E.D. Mich. June 5, 2020) (citing *United States v. Mogavero*, No. 15-00074, 2020 WL 1853754, at *2 (D. Nev. Apr. 13, 2020)); *see also United States v. Valenta*, No. 15-161, 2020 WL 1689786, at *1 (W.D. Pa. Apr. 7, 2020) ("To properly exhaust administrative remedies, therefore, the administrative complaint must raise the same claims asserted in the federal court filing."). Defendant therefore did not adequately exhaust his administrative remedies because he did not give the BOP an opportunity to review his request for release based on the COVID-19 pandemic.

Additionally, the exhaustion requirement is a "mandatory condition," and Defendant must "'fully exhaust[] all administrative rights to appeal' with the prison or wait 30 days after his first request to the prison." *United States v. Alam*, 960 F.3d 831, 833–34 (6th Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)) (alteration in original). The Court will therefore deny the motion because Defendant did not adequately exhaust his administrative remedies or wait thirty days after filing a request for his

2

release with the BOP before filing the present motion. Defendant may refile his request once he has exhausted his claim.

**WHEREFORE**, it is hereby **ORDERED** that Defendant's second motion for compassionate release due to danger from the coronavirus [110] is **DENIED WITHOUT PREJUDICE**.

**SO ORDERED.**

                                                   s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: October 2, 2020

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 2, 2020, by electronic and/or ordinary mail.

                                                   s/ David P. Parker
Case Manager