UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

           Plaintiff,

v.

Case No. 2:17-cr-20631-2

HONORABLE STEPHEN J. MURPHY, III

SAMMY BAEZ,

           Defendant.
                                          /

## OPINION AND ORDER
## DENYING MOTION FOR COMPASSIONATE RELEASE [114]

Defendant Sammy Baez moved for compassionate release. ECF 114. The Court ordered the Government to respond, ECF 115, and it did, ECF 116.

Under the First Step Act's compassionate release provision, the Court may modify Defendant's sentence only if: (1) he has exhausted all administrative remedies, or (2) thirty days have passed since the warden received Defendant's request for the Bureau of Prisons to bring a motion on his behalf. 18 U.S.C. § 3582(c)(1)(A). The exhaustion condition is "mandatory." *United States v. Alam*, 960 F.3d 831, 833–34 (6th Cir. 2020) (alteration in original) (quoting 18 U.S.C. § 3582(c)(1)(A)). Plus, it is Defendant's burden to establish that he has exhausted all his administrative remedies. *See United States v. Pena-Lora*, No. 15-20695, 2020 WL 3886384, at *1 (E.D. Mich. July 9, 2020) (citation omitted).

Defendant previously moved for compassionate release two times. ECF 107, 110. But Defendant did not exhaust his administrative remedies before moving for

1

compassionate release. *See* ECF 109, 113. Although Defendant did attempt to exhaust his administrative remedies prior to filing his second motion, he did not do so adequately. *United States v. Baez*, No. 17-cr-20631-2, 2020 WL 5878219, at *1 (E.D. Mich. Oct. 2, 2020) (Murphy, J.). He asked for compassionate release to care for his mother and daughter, and not because of the COVID-19 pandemic. *Id.* "And, when the factual basis in the administrative request and the motion before the [C]ourt are different, a defendant does not satisfy the exhaustion requirement because he does not give the BOP an opportunity to act on the request before Defendant brings his request to the Courts." *Id.* (alterations in original) (quotation omitted). Thus, Defendant did not exhaust his administrative remedies as they related to the COVID-19 pandemic. And once again, Defendant did not exhaust his administrative remedies prior to filing the present motion. ECF 116, PgID 458, ECF 116-3, PgID 465 (Defendant's administrative request for compassionate release to care for his mother and daughter). Because Defendant has not exhausted his administrative remedies, the Court will deny the motion for compassionate release.

**WHEREFORE**, it is hereby **ORDERED** that the motion for compassionate release [114] is **DENIED WITHOUT PREJUDICE**.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: March 18, 2021

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 18, 2021, by electronic and/or ordinary mail.

                                              s/ David P. Parker
                                              Case Manager